UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

BARIATRIC RESOURCES, LLC d/b/a
BUILDING BLOCKS VITAMINS,

    Plaintiffs,

v.

NEW LIFE BARIATRIC SUPPLEMENTS, LLC,

    Defendant.

_____ /

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Bariatric Resources, LLC, doing business as Building Blocks Vitamins ("Plaintiff" or "Building Blocks"), alleges and asserts the following as claims against Defendant, New Life Bariatric Supplements, LLC ("Defendant" or "New Life"):

1. This is a civil action brought by Plaintiff Building Blocks against Defendant New Life, a competitor for, <u>inter alia,</u> false advertising and federal and common-law unfair competition.

**PARTIES**

2. Plaintiff Bariatric Resources, LLC is a Florida limited liability company with a place of business at 4801 N. Federal Hwy., Suite 103, Ft. Lauderdale, Florida 33308.

3. Defendant New Life is a Tennessee limited liability company with a place of business in 12568 Kingstone Pike, Knoxville, Tennessee 37934.

## JURISDICTION AND VENUE

4. This action arises under Section 43(a) of the Lanham Act, U.S.C. § 1125(a) and Florida statutory and common law.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a) and supplemental jurisdiction over the state-law claims stated herein under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant New Life. On information and belief, New Life has significant contacts with this forum because New Life (1) operates, conducts, engages in, or carries on a business or business venture in this State and the cause of action herein arises from these actions and (2) it committed tortious acts within this State and the cause of action herein arises from these acts. Furthermore, the exercise of jurisdiction over New Life will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Florida long-arm statute, Fla. Stat. § 48.193.

7. Venue over Defendant is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 1391(d). Many of the Defendant New Life's acts complained of herein occurred in this District, harm has occurred and is likely to continue in this District, and fact witnesses will be located in this District.

8. All conditions precedent to this action have been met, waived, or excused.

## Facts Common to all Counts

9. Plaintiff Building Blocks is a leading manufacturer in the United States of vitamin and mineral supplements for post-operative nutrient support for surgical weight loss patients. Its products, which are designed to meet gastric bypass vitamin requirements, include multivitamin, calcium citrate, iron, antioxidants, B-12 and many more vitamins. It also offers a complete

selection of protein shakes and bars which provide the bariatric patient the advantage of purchasing all of their needs at one location.

10. Plaintiff Building Blocks is and have been engaged in the business of selling bariatric multivitamins for more than a decade.

11. Plaintiff Building Blocks owns and continuously has used, itself and via its assignors and predecessors, various United States trademarks and service marks, including BUILDING BLOCKS® trademark and the design. *See* **Ex. "A."** (Registration No. 3623310).

12. Plaintiff Building Blocks uses a distinct color design its products which shows a white bottle with a robust and bright primary color fading as the color rises to the middle of the bottle. These and other features comprise Plaintiff's trade dress. *See* **Ex. "B."**

13. Plaintiff Building Blocks has spent vast quantities of time, money, and resources developing its brand recognition, trade dress, and valuable goodwill. Indeed, today Plaintiff Building Blocks is recognized as a world leader in bariatric vitamin supplements and distributes its products throughout the world.

14. Defendant New Life considers itself to be the other leading manufacturer of bariatric vitamin supplements.

15. Defendant New Life caused to be published an advertisement in the Winter 2013 issue of *Weight Matters Magazine* comparing its vitamin supplementation with five other bariatric vitamin companies. Among those competitors was Plaintiff Building Blocks Vitamins. *See* **Ex. "C."**

16. On the first page of the advertisement, the advertisement shows a picture of bottles with the title, "The Other Leading Brand," with the use of Plaintiff Building Blocks' trade dress. Under the title, it is written that Plaintiff Building Blocks vitamins do "not meet ASMBS

[American Society for Metabolic and Bariatric Surgery] guidelines." Upon information and belief, Defendant intended to have readers and consumers associate Plaintiff Building Blocks products as those constituting the "Other Leading Brand." *Id.*

17. This statement is false. Plaintiff Building Blocks supplements meet and surpass many of ASMBS's recommended vitamin supplementation and guidelines.

18. On the next page, New Life has a chart comparing its product to its competitors, including Plaintiff Building Blocks, in a comparative advertisement chart. There, New Life again claims that Building Blocks Vitamins' line of nutritional supplements do not meet the ASMBS guidelines. *Id.*

19. Again, this statement is false as since Plaintiff Building Blocks supplements meet and surpass many of ASMBS's recommended vitamin supplementation and guidelines.

20. New Life's advertisement additionally claims that Building Blocks Vitamins do not contain one single milligram of the following vitamin and mineral supplementation:

- vitamin D
- vitamin K
- thiamine
- riboflavin
- niacin
- B-8
- folic acid
- B-12
- Biotin
- pantothenic acid

- magnesium
- zinc
- selenium
- magnesium
- chromium
- molybdenum
- phosphorus and
- iodine.

*Id.*

21. These statements are false as Building Blocks' supplements contain these vitamins and minerals.

22. Furthermore, Defendant's advertisement understates or wrongfully states the content of the following vitamin supplementation of Building Blocks:

- vitamin A
- vitamin C
- vitamin E
- selenium and
- copper.

*Id.*

23. Worse, New Life falsely depicts Building Blocks with the single **most** vitamin deficiencies among bariatric vitamin products in the comparison chart.

24. The aforementioned claims by Defendant are completely false since Plaintiff's products do contain the mentioned vitamins and minerals and even surpass in quantity some of

5

the vitamins and minerals of New Life's product. *See* **Ex "B"** (Building Blocks' nutritional content).

25. Defendant's conduct has caused Building Blocks to suffer substantial damages and a loss of sales and profits which Building Blocks would have made but for the aforementioned acts of Defendant, in an amount to be determined at trial.

26. Defendant has been unjustly enriched and Plaintiff thus is entitled to an accounting of the profits of Defendant.

## COUNT I – FALSE ADVERTISING
## LANHAM ACT, § 43(a) (15 U.S.C. § 1125(a))

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of its Complaint as it fully set forth herein.

28. New Life, a competitor of Building Blocks, engaged in deceptive and false advertising, which tarnished Building Blocks' goodwill and reputation in the business community of bariatric vitamins and supplements.

29. Through the dissemination of the entirely specious advertisement in Weight Matters magazine, a respected promotional instrument that specifically targets the bariatric industry, New Life intended to influence bariatric consumers to buy its own products instead of Plaintiff's products.

30. Defendant's representations of Building Blocks' vitamin and mineral content were entirely false and misleading.

31. The advertisement deceived consumers to believe that Building Blocks' product was the most inferior bariatric vitamin in the industry.

32. This deception has a material effect on the purchasing decision of bariatric consumers and harmed Building Blocks' sales.

33. The misrepresentation of Plaintiff's product also affects interstate commerce because the dissemination of the advertisement was conducted nationwide and international markets.

34. Additionally, Plaintiff and Defendant, both advertise and sell their products through the internet, thus making sales across state lines.

35. For these reasons, Defendant's false advertisement has caused Plaintiff lost profits, lost sales, loss of goodwill and overall market shares.

36. Additionally, Building Blocks is entitled to recover its costs and attorney's fees.

37. New Life's aforesaid acts are in violation of Section 43(a) of the Lanham Act, U.S.C. § 1125(a).

## COUNT II – "MISLEADING ADVERTISING PROHIBITED" (FLORIDA STATUTE § 817.41)

38. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of its Complaint as if fully set forth herein.

39. By publishing the vitamin supplement comparison between New Life and Building Blocks (among other vitamin providers) in the Winter 2013 issue of *Weight Matters* magazine, Defendant made statements to the public which are known, or though the exercise of reasonable care or investigation could or might have been ascertained to be, untrue or misleading, and were made with the intent or purpose of selling or inducing the sale of New Life's vitamins and supplements instead of Building Blocks' vitamins and supplements.

40. New Life's conduct harms Building Blocks and the public by injuring its business reputation.

41. Defendant's misleading advertising of Building Blocks' vitamin content is a fraudulent and unlawful act, designed and intended for obtaining sales and money under false pretenses.

42. As a result of the aforementioned acts by Defendant, Building Blocks has suffered and will continue to suffer substantial damages and irreparable injury, such damages and injury cannot be fully computed at this time.

43. Additionally, Building Blocks is entitled to recover its costs and attorney's fees.

44. Defendant's aforesaid acts constitute false advertising under Fla. Stat. §§ 817.40 to 817.47.

## COUNT III – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (FLORIDA STATUTE §§ 501.201 *et seq*.)

45. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of its Complaint as if fully set forth herein.

46. By speciously depicting that Building Blocks' line of nutritional supplements do not meet the ASMBS guidelines and do not contain a single milligram of various vitamins and minerals in the Winter 2013 edition of *Weight Matters* magazine, Defendant has engaged in unfair methods of competition and unconscionable acts or practices, and unfair or deceptive acts or practices that harm Building Blocks and the public.

47. Defendants' actions constitute unfair competition and unfair business practices pursuant to Florida Statutes §501.202 *et seq*. (including §501.204).

48. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has been injured and damaged in an amount to be proved at trial.

## COUNT IV – UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

49. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of its Complaint as though fully set forth herein.

50. Defendant's conduct constitutes unfair competition in violation of the common law of the State of Florida.

51. Building Blocks and New Life are competing companies that sell bariatric vitamins and supplements to the same pool of consumers.

52. Defendant's conduct of publishing a false advertisement regarding the content of Building Blocks Vitamins has deceived and will continue to deceive consumers into believing that Plaintiff's vitamins and supplements are inferior to New Life and that it has vitamin and supplement deficiencies that in reality it does not.

53. Defendant's false advertisement in *Weight Matters* magazine and on New Life's website has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Building Blocks.

54. Defendant's acts have produced consumer confusion and will cause Building Blocks irreparable injury.

WHEREFORE Plaintiff demands judgment in its favor and against Defendant as follows:

1. On all Claims against Defendant, for Plaintiff's direct and consequential damages resulting from Defendant's wrongful acts as alleged herein, in an amount to be determined at trial;

2. On all Claims against Defendant, an accounting for Defendant's profits resulting from Defendant's wrongful acts as alleged herein, in an amount to be determined at trial;

3. On all Claims against Defendant, damages in the form of corrective advertising.

4. On all Claims so recoverable against Defendant, for punitive damages in an amount to be set by the Court as a consequence of Defendant's willful and egregiously reprehensible acts;

5. On all Claims so recoverable a preliminary and a permanent injunction preventing Defendants from continuing to falsely advertise its products by make false claims regarding Plaintiff's products.

6. Building Blocks' attorneys' fees, costs and disbursement in connection with this action; and

7. Such other relief as this Court deems just and equitable.

Dated:  April 2, 2013                                   Respectfully submitted,

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Regan N. Kruse (Fla. Bar No. 84404)
rkruse@astidavis.com
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202

- and -

*/s/ Lawrence A. Caplan*
Lawrence A. Caplan (Fla. Bar No. 400531)
lcaplan@lacaplanlaw.com
LAWRENCE A. CAPLAN, P.A.
1375 Gateway Blvd., Suite 100
Boynton Beach, Florida  33426
Telephone: (561) 988-6009
Facsimile:  (561) 880-6958

*Counsel for Plaintiffs*